BERNICE ORODECKIS *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT      NEW HAVEN COUNTY      FILE No. 19799
AT WATERBURY

Memorandum filed March 26, 1952.

*Plaintiff*, pro se.

*George C. Conway*, Attorney General, and *Harry Silverstone*, Assistant Attorney General, of Hartford, for the Defendant.

*Robert J. Stack*, of Hartford, amicus curiae.

ROBERTS, J. The claimant filed a claim for benefits for the week ending October 27, 1951. Pursuant to § 7513 the administrator or examiner examined the claim and on November 2, 1951, the administrator disapproved all claims from October 21, 1951, to November 24, 1951, because of claimant's failure to ap-

ply for suitable work when directed by the Connecticut state employment service on October 23, 1951. The claimant appealed from that decision under date of November 6, 1951. Said appeal was heard by the commissioner on December 3, 1951, pursuant to § 7514.

The commissioner, in addition to other findings, found: The claimant has continued to file for unemployment benefits since the expiration on November 24, 1951, of the disqualification period imposed by the administrator. The claimant has not been available for work at any time while filing for unemployment benefits. The claimant is disqualified from receiving any benefits whatsoever commencing as of October 21, 1951, to the time of the hearing, December 3, 1951, and thereafter until such time as she becomes available for work.

The commissioner concluded that the administrator was justified in disapproving claims because of the claimant's failure to accept the U. S. Time job on October 23, 1951. The commissioner further concluded that claimant had unreasonably restricted herself to a job paying at least $40 a week. The instant appeal was taken by the administrator from the commissioner's decision.

According to the argument and brief of the administrator, it appears that insofar as the findings and conclusions of the commissioner relate to the period covered by the decision of the examiner, that is, from October 21, 1951, to November 24, 1951, he has no quarrel therewith in the instant appeal. He does challenge the jurisdiction of the commissioner to find and conclude that the claimant was disqualified from receiving benefits for periods after November 24, 1951, being the date of the disqualification period imposed by the examiner in his decision of November 6, 1951, from which decision the claimant

took her appeal to the commissioner. He contends that the commissioner could not pass upon the claim for the week ending December 1, or subsequent thereto, because the examiner had not passed upon such claim or claims and rendered a decision thereon nor had anyone filed an appeal from such decision and applied for a hearing thereon.

Section 7513 provides in part: "Such decision [of the examiner] shall be final and benefits shall be paid or denied in accordance therewith unless the claimant . . . shall . . . file an appeal from such decision and apply for a hearing. . . ." The appeal by the claimant was taken in accordance therewith to the commissioner. It would therefore appear to the court that the commissioner would be limited in his findings and decision to the period covered by the decision of the examiner. This would be similar to a case heard by an appellate court. The court in *Conte* v. *Egan,* 135 Conn. 367 at 373, when referring to the present § 7513, refers as does the statute, to the procedure thereunder as an appeal. The court therein stated: "It was for the examiner in the first instance and for the commissioners on appeal to decide, on the evidence as to each week, whether the unemployment was due to the existence of a labor dispute."

The view taken by the commissioner as expressed in his decision and further argued by the amicus curiae in his brief and oral argument is that the commissioner shall hear the claim de novo, as provided in § 7514, and in doing so can go beyond the period limited by the decision of the examiner and that there is no limitation as to the period for which the commissioner's decision shall apply. With this the court cannot agree.

Section 7514 is entitled "Appeal from examiner's decision." The examiner's decision in the instant case covered the period from October 21, 1951, to

November 24, 1951. De novo is defined in 25 C.J.S. 1011 as "Anew, fresh; a second time; in the same manner, or with the same effect." The court would thus conclude, as indicated above, that the decision of the commissioner, being an appeal from the examiner's decision, would be limited to the period from October 21, 1951, to November 24, 1951.

While it is true that the proceedings concerning claims should not be restricted to strict legal rules as shown by § 7516, yet, nevertheless, the court must conclude that even liberal appellate procedure would require that the matter be confined to the period covered by the original decision appealed from.

The court agrees that the commissioner in a de novo hearing may hear all available evidence whether heard by the examiner or not. He may agree or disagree with the findings of the examiner and he may give reasons for his findings and conclusions other than those given by the examiner even though the commissioner's ultimate decision reaches the same result as that of the examiner.

It may well be that the procedure adopted by the commissioner is a timesaving one and does avoid a multiplicity of appeals. It would appear to the court, however, that this is a matter for the legislature to consider and amend the statute if it desires that such procedure be followed.

The appeal is sustained and the case is remanded to the commissioner to amend his decision in accordance with the law as determined in this memorandum.